■ UNDERHILL CONSTRUCTION CORP., Appellant, v NEW YORK TELEPHONE COMPANY et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered September 10, 1976, affirmed for the reasons stated by Greenfield, J., at Special Term, except with respect to the reason stated for the dismissal of the fifth cause of action. Respondents shall recover of appellant $60 costs and disbursements of this appeal. That cause is solely against New York Telephone Company (NYT), the owner of a building in White Plains which was being improved by the Stewart M. Muller Construction Company, the general contractor. It is based upon the theory of implied contract in that NYT allegedly promised and assured plaintiff, the concrete subcontractor, that its claim for additional or increased costs would be considered by NYT and fairly resolved on its merits. Plaintiff alleges that in reliance on such promise, it proceeded with the work on the project and did not file a mechanic's lien. Thereafter, it is alleged, NYT and its representative, Haines, Lundberg & Waehler (the architects), failed and refused to consider or resolve plaintiff's claim. Plaintiff's subcontract agreement was with the Muller Company, and it had no written contract or direct contractual relationship with NYT. In fact, the prime contract between NYT and the Muller Company expressly provides that nothing in that document "shall create any contractual relation between the Owner—and any Subcontractor or Sub-subcontractor". It further provides that it is the obligation and responsibility of the Muller Company to pay the subcontractors and all claims by subcontractors for additional costs to the general contractor. Special Term relied upon the parol evidence rule in dismissing the fifth cause of action. However, plaintiff asserts that it never executed a formal written contract with the Muller Company; that therefore its claim is not covered by express contract; and, that the alleged oral representations do not vary or contradict the terms of either the prime or the subcontract. While the parol evidence rule might not constitute a bar where, as here, there is an alleged subsequent agreement plaintiff, at best, is seeking to enforce an alleged oral promise by NYT to pay the debt of the Muller Company to plaintiff. This claim, apparently without consideration, would be barred by the Statute of Frauds (General Obligations Law, § 5-701, subd 2). Nor should the claim be recognized as one in implied contract or promissory estoppel. At best, this claim appears to be nothing more than an unenforceable agreement to agree. (Cf. *Ansorge v Kane*, 244 NY 395.) The subject matter of this claim is clearly covered by the prime contract and it appears that plaintiff, in its May 7, 1974 settlement agreement with Muller, expressly recognized that all of its claims were against or had to be processed through the Muller Company. (See *Miller v Schloss*, 218 NY 400, 406–407.) Moreover, although plaintiff denies execution of the contract with the Muller Company, which document appears in the record, it seems to have worked or performed in accordance with its terms and relies upon them in several of its causes of action. It is concluded that the fifth cause of action was properly dismissed as were the other causes. Concur—Stevens, P. J., Birns, Silverman and Markewich, JJ.; Kupferman, J., dissents in part in the following memorandum: Implicit in the claims of the plaintiff is a cause of action to the effect that defendant New York Telephone Company (herein NYT) orally promised that if the plaintiff subcontractor would continue to perform instead of terminating as it had a right to do for failure of payment by the Muller Construction Company (cf. *Muller Constr. Co. v*

*New York Tel. Co.,* 40 NY2d 955), the defendant would see to it that in its settlement with Muller the claims of the plaintiff would be resolved, and that the defendant settled in full with Muller without complying with the promise. There is a further cause to the effect that having made the promise, defendant failed to notify plaintiff of the settlement, while the plaintiff continued to perform without knowledge thereof. If there be a promise from the defendant NYT directly to the plaintiff, not just for the defendant to answer for the debts of Muller, but for the defendant itself to be the beneficiary of the promise, it is at least questionable whether the Statute of Frauds (General Obligations Law, § 5-701, subd 2) would apply. (Cf. *Clark v Howard,* 150 NY 232, 239.) In any event, whether the promise is original or collateral will depend on the evidence. While the burden on the plaintiff is heavy *(Richardson Press v Albright,* 224 NY 497), we should not here dismiss the cause of action as such. Further, as to the other possible situation of failure to notify the plaintiff of the settlement, we have a cause of action for fraud and deceit. Having allegedly led the plaintiff to go forward based on a representation, when the representation was no longer valid, defendant had the duty to notify the plaintiff. There was not mere silence here. (See *Amend v Hurley,* 293 NY 587, 596.) If the plaintiff was misled, there was a duty to rectify at the appropriate time. In addition, we have the possibility that at the time of its oral promise, the defendant NYT then knew that there would not be compliance. *(California Conserving Co. v D'Avanzo,* 62 F2d 528; *Cassidy v Uhlmann,* 170 NY 505.) I would allow the plaintiff to replead as against defendant New York Telephone Company.