■ John T. Brady and Company, Appellant, v Dynetics, Inc., Defendant and Third-Party Plaintiff. Vernitron Medical Products, Inc., et al., Doing Business as Vernitron Medical Products, a Division of Vernitron Corporation, Third-Party Defendant-Respondent. — In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County (Dickinson, J.), entered June 24, 1980, which denied its motion for summary judgment dismissing the cross claim of the third-party defendant, which alleged tortious interference with contractual relations. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion for summary judgment is granted, and the cross claim asserted against plaintiff by the third-party defendant is dismissed. To defeat plaintiff's motion

for summary judgment, the third-party defendant (Vernitron) "was obliged to produce evidence, not just unsubstantiated allegations or assertions * * * of an intention [on the part of plaintiff] to harm [Vernitron] without economic or other lawful excuse or justification" *(Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282). Since the affidavits of Vernitron's attorney, who had no personal knowledge of the relevant events, and the excerpts from the examination before trial of the president of defendant, the only papers submitted in opposition to this motion, do not contain such evidence, plaintiff's motion should have been granted. Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.