■ CROW-CRIMMINS-WOLFF & MUNIER, Plaintiff, v COUNTY OF WESTCHESTER, Defendant, and AETNA CASUALTY AND SURETY COMPANY et al., Additional Counterclaim Defendants. CROW-CRIMMINS-WOLFF & MUNIER, Third-Party Plaintiff-Appellant; GREELEY AND HANSEN ENGINEERS, Third-Party Defendant-Respondent. — In an action to recover damages based on *quantum meruit* and breach of contract, the appeal is from an order of the Supreme Court, Westchester County (Walsh, J.), dated November 10, 1981, which granted the third-party defendant's motion to dismiss the third-party complaint for failure to state a cause of action. Order reversed, with $50 costs and disbursements, the motion to dismiss is denied and the third-party complaint is reinstated. The parties in the main action executed a contract for the construction of a sewage treatment plant in Yonkers. Plaintiff contractor commenced an action against defendant County of Westchester seeking payment for its work performed in connection with the subject project. The county counterclaimed for

damages resulting from various specified acts and omissions, including construction delays, the contractor's failure to comply with the contract requirements and its failure to properly co-ordinate the work. The contractor then commenced a third-party action against the county's consulting engineers for indemnification and/or contribution, alleging that the county's damages, if any, resulted from the engineers' negligence. Special Term dismissed the third-party complaint, holding that since the "third party defendant owed no duty to any entity other than the County of Westchester", the third-party complaint failed to state a cause of action. We reverse. Contribution rules apply to the third-party action even though the respective liabilities of the contractor and the consulting engineers might rest on different grounds, since the same injury to defendant is involved in each instance (*North Colonie Cent. School Dist. v MacFarland Constr. Co.*, 60 AD2d 685). Special Term's reliance on *Alvord & Swift v Muller Constr. Co.* (56 AD2d 761, affd 46 NY2d 276) and *Underhill Constr. Corp. v New York Tel. Co.* (56 AD2d 760, affd 44 NY2d 666) is misplaced. Neither of these cases addresses the issue now before this court. They focus solely upon whether a subcontractor can bring a *direct* claim for damages against the owner's architect, rather than whether a third-party action for *contribution* can be brought. Although subtle, this difference in focus is significant. In the first type of action, without privity of contract there is no duty owed to the subcontractor by the architect and the subcontractor is barred from bringing a direct suit for damages (*Alvord & Swift v Muller Constr. Co., supra; Underhill Constr. Corp. v New York Tel. Co., supra*). However, in a third-party action for contribution no privity of contract is required in order to state a valid cause of action (*Schauer v Joyce*, 54 NY2d 1). Rather, this type of action requires that (1) the third-party defendant owes a duty to the plaintiff in the main action (in the instant case, the duty is owed to the defendant since the third-party action is based on a counterclaim); (2) there was a breach of this duty; and (3) the third-party defendant's breach of this duty contributed to the plaintiff's (here defendant's) injuries (*id.*). The subject third-party complaint alleges that whatever damages may have been sustained by the county were caused in whole or in part by the negligent and improper acts of the consulting engineers. As we read it, the third-party complaint alleges all of the necessary elements to state a valid cause of action for contribution. Accordingly, the motion to dismiss should have been denied (see *North Colonie Cent. School Dist. v MacFarland Constr. Co., supra; Hobbs v Scorse*, 59 AD2d 1037). Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.