OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to defendant Gilbane Building Company against plaintiff, by granting defendant Gilbane’s motion for summary judgment dismissing the complaint as against it. As so modified, the order should be affirmed, with costs to defendant Lake Placid 1980 Olympic Games, Inc., against plaintiff. The certified question should be answered in the negative.
In May, 1977, plaintiff James McKinney & Son, Inc., contracted with defendant Lake Placid 1980 Olympic Games, Inc. (LPOG), to fabricate and erect certain steel structures for use in the construction of the Olympic Field House. LPOG separately contracted with defendant Gil-bane Building Company to act as project manager to supervise and inspect the construction. On March 31, 1978, LPOG terminated the contract with plaintiff because the latter was encountering great difficulties in meeting the design specifications. On April 7, 1978, McKinney initiated a Federal bankruptcy proceeding.
Reliance Insurance Company, as plaintiff’s surety, had provided performance and payment bonds on an ongoing basis since at least 1974, including bonds on the field house project. In order to protect itself from any losses in connection with these instruments, Reliance had obtained a continuing indemnification agreement from plaintiff. This agreement provided that “all rights” of plaintiff “in, or growing in any manner out of” a contract guaranteed by any Reliance bond would be completely and automatically assigned to the surety in the event that plaintiff failed or was unable to complete a contract guaranteed by any bond *838 or became involved in any proceeding of bankruptcy. Reliance was also empowered to execute any release of property which it received by assignment under the agreement and to sign “any other paper or contract necessary or desired to carry into effect the purposes of [the indemnification] Agreement.”
Pursuant to this agreement, Reliance took over plaintiff’s field house contract after plaintiff was no longer able to perform. Reliance also was unable to complete performance and on June 13, 1978, it settled with LPOG. Under the settlement, Reliance released LPOG “from all claims, causes of action or suits, which [Reliance] now [has] or may have in the future, by assignment or otherwise, including * * * any claims, suits, or causes of action arising out of” plaintiff’s contract for the Olympic Field House.
Plaintiff instituted this action in 1980 claiming that LPOG provided defective designs which caused plaintiff’s inability to perform under the contract, and that Gilbane, in its capacity as project manager, had fraudulently and negligently permitted the design defects to exist. Defendants, answering separately, asserted as affirmative defenses that Reliance, not plaintiff, was the real party in interest, and that plaintiff was barred from maintaining the suit because of the release furnished by Reliance. Defendants moved under CPLR 3212 for summary judgment, each seeking dismissal of the complaint.
By the terms of the continuing indemnification agreement, all rights that plaintiff had “in or growing in any manner out of” its contract with LPOG were fully assigned to Reliance, at the latest, when plaintiff filed for bankruptcy. Consequently, plaintiff is no longer the real party in interest with respect to claims against LPOG by virtue of this assignment. By the same reasoning, neither is plaintiff the real party in interest with respect to the claims asserted against Gilbane. Plaintiff, therefore, had no right to maintain any of its claims against either LPOG or Gilbane and summary judgment, dismissing the complaint, should be granted as to each of said defendants.
In light of this disposition, there is no need to determine the effect of the release executed by Reliance to LPOG.
*839 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order modified, with costs to defendant Gilbane Building Company against plaintiff, in accordance with the memorandum herein and, as so modified, affirmed, with costs to defendant Lake Placid 1980 Olympic Games, Inc., against plaintiff. Question certified answered in the, negative.