■ HASELEY TRUCKING CO., INC., Respondent, v GREAT LAKES PIPE COMPANY, INC., Appellant, and CANNON DESIGN, INC., Respondent. — Order unanimously modified and, as modified, affirmed, with costs to defendant Great Lakes Pipe Company, in accordance with the following memorandum: Plaintiff, a subcontractor on a construction project at the Lockport Memorial Hospital, commenced an action against Great Lakes Pipe Company, Inc. (Great Lakes), a supplier, and Cannon Design, Inc. (Cannon), architects seeking damages incurred when plaintiff was required to replace pipe already installed. Plaintiff's complaint alleges (1) that Cannon's designs and specifications were faulty and improper, and (2) that the pipe supplied by Great Lakes did not meet the specifications of the contract. In its answer, Great Lakes seeks contribution from Cannon based upon its faulty plans and failure to properly advise Great Lakes of the contract requirements. Cannon's answer sets forth two defenses: (1) that it owes no duty to anyone but the hospital, with which it had the contract and (2) that the piping was defective. Cannon moved for an order granting summary judgment pursuant to CPLR 3212 on the grounds that the complaint both failed to state a cause of action and that there were no issues of fact sufficient to require a trial. Special Term, relying on *Underhill Constr. Corp. v New York Tel. Co.* (56 AD2d 760, affd 44 NY2d 666) and *Alvord & Swift v Muller Constr. Co.* (56 AD2d 761, affd 46 NY2d 276), granted Cannon's summary judgment motion dismissing plaintiff's first cause of action and also dismissed Great Lakes' cross claim against Cannon. Great Lakes appeals. ¶ Special Term erroneously dismissed the cross claim of Great Lakes seeking contribution from Cannon. That there is no privity of contract between Great Lakes and Cannon does not defeat Great Lakes' cross claim (*Schauer v Joyce,* 54 NY2d 1; *Crow-Crimmins-Wolff & Munier v County of Westchester,* 90 AD2d 785). Nor is it essential for the cross claim to be valid that Cannon owes plaintiff a duty which could subject it to liability to plaintiff since the cross claim for an apportioned share of the damages owed to plaintiff may be founded on a breach of duty owed directly from Cannon to Great Lakes (*Garrett v Holiday Inns,* 58 NY2d 253). Therefore, it was premature for Special Term to dismiss the cross claim. A cross claim should receive liberal construction at so early a point in the action. Great Lakes has yet to lay bare its proof at this stage in the action and its cross claim should not be dismissed (see *Wheeler v Roberts,* 101 AD2d 714; *Oswald v Reimann & Georger,* 101 AD2d 693; *City of Rochester v MacKnight, Kirmmse & French,* 75 AD2d 990). (Appeal from order of Supreme Court, Erie County, Johnson, J. — dismiss cause of action and cross claim.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.