■ MIGUEL RIVERA et al., Appellants, v MUHAMMAD PARVEZ et al., Respondents. — Order, Supreme Court, Bronx County (Joseph DiFede, J.), entered August 2, 1984, which granted the motion by defendant National Railroad Passenger Corp. (Amtrak) for multiple relief to the extent of dismissing the third cause of action, severing and dismissing the fourth cause of action under CPLR 327 on the ground of forum non conveniens and changing the venue of the remaining causes in the complaint to New York County, affirmed, without costs or disbursements.

We agree that the exercise of discretion by Special Term was proper in dismissing the fourth cause of action on the ground of forum non conveniens. The fourth cause seeks to recover for injuries sustained on August 22, 1980, when plaintiff slipped

and fell on an Amtrak fuel truck. The accident occurred in Millham, New Jersey, where plaintiff had been employed. Medical treatment was rendered in Pennsylvania, where he resided. Clearly, the action has no nexus with this State and appears to be a species of "imported litigation" (*Taurus, Inc. v Boeck Fuel Co.*, 38 AD2d 702). New York has no relationship with the issues in this foreign-based litigation and, clearly, there is an insufficient ground here to warrant continuance of the action in New York. (*See, Bader & Bader v Ford,* 66 AD2d 642, *appeal dismissed* 48 NY2d 649.)

Contrary to the conclusion reached by the dissent, there is no basis to find that plaintiff was a New York resident. He resided with his family in Levittown, Pennsylvania, and the alleged residence in The Bronx was actually the home of his father-in-law, with whom he stayed when he was working in New York. He conceded at his examination before trial that "it is not my residence, I was staying with someone."

We also agree that the third cause of action, alleging liability against Amtrak under the Federal Employers' Liability Act (45 USC § 51 *et seq.*) and the Federal Safety Appliance Act (45 USC § 1 *et seq.*), with respect to the May 30, 1981 vehicular accident, was properly dismissed. Despite plaintiff's claim that, as a result of the injuries sustained in the 1980 accident, Amtrak should not have returned him to full-time duty on January 5, 1981 because he was unfit to return to work at that time, no substantiating medical or other competent proof was offered to support the claim that this constituted any improper action by the employer. To the contrary, on October 4, 1980, plaintiff's own doctor reported that plaintiff had been advised "to start returning to his increased level of physical activity involving jogging and active sports participation." Other than the conclusory statements solely by plaintiff, there was no affirmative evidence to support the claim that there was any impropriety associated with the decision to return him to duty as a truck or bus driver for Amtrak or to raise a triable issue that his return to active duty was a substantial factor in connection with the accident almost five months thereafter. Under these circumstances, as a matter of law, this was far too remote and could not be a proximate cause of the accident. Plaintiff's reliance upon mere conclusions, expressions of hope or unsubstantiated allegations was insufficient for that purpose. (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Concur — Sullivan, Asch, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: In this personal injury action, the court at Special Term dismissed the plaintiff's third cause of action, severed the fourth cause of action and changed the venue of the remaining first and second causes to New York County.

The plaintiff has his domicile in Levittown, Pennsylvania, but because of his work assignment as a bus-truck driver for the defendant-respondent National Railroad Passenger Corp. (Amtrak) spends his weeknights at the home of his father-in-law in Bronx County in order to avoid commuting to Pennsylvania. He has a number of indicia showing residence in The Bronx, including a New York driver's license with the Bronx address.

In 1980, the plaintiff fell off an Amtrak fuel truck because of a slippery floor and claims to have injured his lower back, etc. (fourth cause of action). Thereafter, in 1981, he was in an accident with a vehicle owned by one of the codefendants and operated by the other (first and second causes of action). The said first and second causes of action are not in dispute on this appeal, but their venue has been changed from The Bronx to New York County, and counsel for the plaintiffs-appellants has stated, on the oral argument, that he will accept New York County in place of The Bronx.

The third cause of action, which has been dismissed, is also against Amtrak, based on the injury sustained in the 1981 accident, and both the third and fourth causes of action are pursuant to the Federal Employers' Liability Act (FELA; 45 USC § 51 *et seq.*) and the Federal Safety Appliance Act (45 USC § 1 *et seq.*).

The application of the doctrine of forum non conveniens in this matter is an abuse of discretion, because the injuries derived from the 1981 accident include an exacerbation of the 1980 injury, and this whole matter should be tried in one forum to avoid piecemeal, and possible inconsistent, determinations.

As to the third cause of action, which has been dismissed, it is contended by the plaintiff that his employer should not have returned him to full bus driver duty so soon after the 1980 accident. At this stage of the litigation, it cannot be said that the contention has no merit.

Accordingly, I would modify to reinstate the third cause of action and deny the forum non conveniens motion so that all four causes of action can be tried in one case in New York County.