BOARD OF EDUCATION OF THE HUDSON CITY SCHOOL DISTRICT, Plaintiff, v SARGENT, WEBSTER, CRENSHAW & FOLLEY, Defendant and Third-Party Plaintiff-Respondent. THOMPSON CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And a Fourth-Party Action.)

Third Department, February 12, 1987

APPEARANCES OF COUNSEL

*Couch & Howard, P. C. (McNamee, Lochner, Titus & Williams, P. C.,* by *George Carpinello* of counsel), for third-party defendant-appellant.

*Hesson, Ford, Sherwood & Whalen (Michael J. Hutter, Jr.,* and *Donald P. Ford, Jr.,* of counsel), for Philip Carey Corporation, third-party defendant.

*Donohue, Donohue & Sabo, P. C. (Bruce S. Huttner* and *Fred J. Hutchinson* of counsel), for defendant and third-party plaintiff-respondent.

## OPINION OF THE COURT

LEVINE, J.

In 1980, plaintiff brought suit against defendant, Sargent, Webster, Crenshaw & Folley (Sargent), the architect, and third-party defendant Thompson Construction Corporation (Thompson), the general contractor, arising out of a project for the construction of a new high school. The action centered on claimed defects in the roof of the new high school building, which plaintiff attributed to the failure of both Sargent and Thompson to perform their respective obligations under separate contracts with plaintiff. Sargent and Thompson each moved to dismiss before Special Term on the ground that plaintiff's action was barred by the six-year period of limitations for contract actions (CPLR 213 [2]). Special Term granted Thompson's motion to dismiss. As to Sargent, however, the court held that the continuous treatment doctrine applied to a breach of contract action brought by a client against its architect and that, hence, Sargent's postbreach activities on behalf of plaintiff with respect to the project served to toll the Statute of Limitations.

On appeal, this court agreed that the gravamen of plaintiff's causes of action against both Sargent and Thompson sounded in contract and affirmed in all respects *(Board of Educ. v Thompson Constr. Corp.,* 111 AD2d 497). Thereafter, Sargent initiated a third-party action against Thompson for contribution or indemnification, alleging that Thompson caused or contributed to whatever damages plaintiff incurred by reason of Sargent's alleged culpability. Thompson then moved to dismiss the third-party complaint for failure to state a cause of action, and now appeals from the denial of its motion.

We have concluded that dismissal should have been

granted. To the extent that the third-party complaint seeks contribution, it is concededly based solely on New York's contribution statute (CPLR art 14), under which "two or more persons who are subject to liability for damages for the same * * * *injury to property* * * * may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought" (CPLR 1401; emphasis supplied). If liability for contribution attaches, the statute directs apportionment of a plaintiff's damages "in accordance with the *relative culpability* of each person liable for contribution" (CPLR 1402; emphasis supplied).

In our view, CPLR article 14 does not and was never intended to apply where, as here, the potential liability to the plaintiff of both the defendant and the third-party defendant is purely for contractual benefit of the bargain *(see, Martin v Dierck Equip. Co.,* 43 NY2d 583, 589) or loss of the value of promised performance *(see,* 5 Corbin, Contracts § 1004, at 38) damages. The legislative history of CPLR article 14 clearly shows that the sole purposes (relevant here) of CPLR 1401 and 1402 were, first, to codify the changes in the substantive law of torts for equitable contribution among *tort-feasors* which the Court of Appeals announced in *Dole v Dow Chem. Co.* (30 NY2d 143), and second, to eliminate the procedural barriers to recovery for contribution among joint *tort-feasors* which existed under CPLR former article 14. As stated in the Report of the CPLR Advisory Committee to the Judicial Conference, which proposed and drafted the legislation, the primary goals of the new statute were to: "codify and clarify the fundamental rule embodied in *Dole* and its progeny (1) that there is no longer the requirement of a joint money judgment against tortfeasors if contribution is to be allowed among them; and (2) that the courts are no longer restricted to either apportioning liability for contribution on a *pro rata* basis, if the statutory prerequisites for contribution have been met, or shifting responsibility entirely from one tortfeasor to another under the primary-secondary tortfeasor doctrine of indemnification" (20th Ann Report of NY Judicial Conf, at 211 [1975]; *see also, Green Bus Lines v Consolidated Mut. Ins. Co.,* 74 AD2d 136, 148-149, *lv denied* 52 NY2d 701).

True, the contribution statute has been held to apply when an injured plaintiff asserts rights under a breach of warranty or strict products liability theory. But by now it should be abundantly clear that the reason contribution is enforced is

that the underlying act of manufacturing and delivering a dangerously defective product causing injury is not only a breach of contract, but also a tortious wrong, and thus, gives rise to the full panoply of rights and remedies under the common law and statutory law of torts, including those created under CPLR article 14. " 'A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer' " *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 402, quoting *Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432, 436).

The case law is also clear that there are no remedies afforded under the law of torts where a plaintiff's claim is, as is conceded to be the case here, solely for benefit of the bargain, economic loss damages arising from a breach of contract *(see, Schiavone Constr. Co. v Elgood Mayo Corp.,* 56 NY2d 667, *revg on dissenting opn below* 81 AD2d 221, 227-234).

In addition to the foregoing legislative history on the limited purposes of CPLR article 14, the language of CPLR 1401 is equally inappropriate to extend contribution to pure breach of contract claims. The use of the phrase "injury to property", according to the drafters, was not intended to effect a substantive change from the words "property damage" contained in CPLR former 1401, a phrase hardly lending itself to inclusion of benefit of the bargain contract damages (20th Ann Report of NY Judicial Conf, at 218 [1975]). Significantly, the general statutory definition of "injury to property" defines the phrase as "an actionable act, whereby the estate of another is lessened, *other than* a personal injury, or *the breach of a contract"* (General Construction Law § 25-b; emphasis supplied). Moreover, to whatever extent elements of plaintiff's contract damages may overlap in its claims for the separate and distinct breaches of separate contracts by Sargent, as the architect, and by Thompson, as the general contractor, the harms, i.e., the losses of the respective values of their totally different performances under the separate contracts, are not the same *(see, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 786).

To apply CPLR article 14 where the plaintiff's claims against the third-party plaintiff and the third-party defendant are for economic loss would work major modifications in the

substantive law of contracts as to contribution among breaching parties to joint or several contracts (see, 4 Corbin, Contracts, ch 52) and as to contract damages. To illustrate, CPLR 1402 directs that contribution is to be enforced in accordance with the "relative culpability" of each wrongdoer. If this were to be applied to pure contract claims, relative culpability would necessarily focus on the respective conduct of the parties constituting the breach. Contract damages, however, are limited to the economic loss which was reasonably foreseeable at the time of contract formation and not at the time of breach (5 Corbin, Contracts § 1008, at 73-74; Restatement [Second] of Contracts § 351 [1] [1979]), a "more severe limitation of liability than is the requirement of substantial or 'proximate' cause in the case of an action in tort or for breach of warranty" (Restatement [Second] of Contracts § 351 [1] comment a [1979]). To apply contribution under CPLR 1402 would, thus, skew the proper measure of liability. For all of the foregoing reasons, any claim for contribution under the third-party complaint should be dismissed, with prejudice.

Insofar as the third-party complaint is asserting a claim for indemnification, we are of the view that its bare, conclusory allegations that plaintiff's "damages will have been caused in whole or in part by the culpability, negligence and breach of contract of the Third-Party Defendant, Thompson" (now limited solely to breach of contract under this court's prior decision in this action *[Board of Educ. v Thompson Constr. Corp., supra])* insufficiently set forth the elements of a cause of action for indemnification (see, McDermott v City of New York, 50 NY2d 211, 216-217; Restatement of Restitution § 76 [1937]). Accordingly, there should be a dismissal of the third-party complaint with leave to replead to the extent that it seeks indemnification.

MIKOLL, J. (dissenting). I respectfully dissent. CPLR 1401 is the statutory basis for contribution claims. The statutory language does not elucidate the types of actions in which contribution is available. The legislative history of CPLR 1401 is less than clear. An argument for either position on this appeal may be made out in the legislative statements attendant to its passage.

It seems appropriate, under the circumstances, to turn instead to judicial interpretations of CPLR 1401 for assistance in resolving the issues herein. With *Dole v Dow Chem. Co.* (30 NY2d 143), comparative negligence has undergone a relatively

liberal construction in case law *(see, Lippes v Atlantic Bank,* 69 AD2d 127).* Contribution has also undergone changes. In *Schauer v Joyce* (54 NY2d 1), it was held that the viability of a contribution claim was to be judged, not by whether the third-party defendant owed a duty to the defendant, but by whether each owed a duty to the plaintiff and, by breaching their respective duties, whether the parties contributed to the plaintiff's ultimate injuries. These requirements were reiterated in *Crow-Crimmins-Wolff & Munier v County of Westchester* (90 AD2d 785), where a contractor against whom the county asserted a counterclaim for breach of a contract to construct a sewage treatment plant was permitted to maintain a third-party action against the county's consulting engineers for indemnification and/or contribution. The Second Department held that privity of contract between the parties to the third-party action was not necessary *(see, Haseley Trucking Co. v Great Lakes Pipe Co.,* 101 AD2d 1019; *Taft v Shaffer Trucking,* 52 AD2d 255, *appeal dismissed* 42 NY2d 974). In addition, this court in *State Univ. Constr. Fund v United Technology Corp.* (78 AD2d 748) allowed an architect, who was sued by the plaintiff for breach of contract, negligence and malpractice in the construction of a chilled water system, to commence a third-party action against the manufacturers of materials used in the system even when the plaintiff's cause of action against them for breach of warranty was statutorily barred.

In causes of action for contribution, the emphasis has been on whether the parties involved in the third-party action contributed to the same injury rather than the particular theories of law sued upon *(see, Samaritan Hosp. v McManus, Longe, Brockwehl,* 92 AD2d 957; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 74 AD2d 679; *North Colonie Cent. School Dist. v MacFarland Constr. Co.,* 60 AD2d 685). In view of the foregoing, I conclude that the third-party claim for contribution was properly interposed in this action and that the motion of third-party defendant Thompson Construction Corporation (Thompson) for dismissal was properly denied.

Thompson also challenges the third-party claim for indemnification on the ground that it is without merit absent an express indemnification agreement between the parties and on the separate ground that it is applicable only in situations involving tortious activity. Thompson's first assertion fails in light of the holding in *McDermott v City of New York* (50 NY2d 211), where the Court of Appeals held that indemnification could be implied where warranted by equitable circum-

stances. The Court of Appeals also held that indemnification is not restricted to tort actions *(supra,* at p 218, n 4). The order of Special Term should therefore be affirmed.

MAHONEY, P. J., CASEY and YESAWICH, JR., JJ., concur with LEVINE, J.; MIKOLL, J., dissents and votes to affirm in an opinion.

Order reversed, on the law, without costs, motion granted and third-party complaint dismissed against third-party defendant Thompson Construction Corporation, with leave to replead so much thereof as asserts a cause of action for indemnification within 20 days after service of a copy of the order to be entered upon this decision with notice of entry.