**MORSE/DIESEL, INC., Plaintiff,**

v.

**TRINITY INDUSTRIES, INC. and Mosher Steel Co., Defendants.**

**HELENA ERECTORS, INC., Plaintiff,**

v.

**TRINITY INDUSTRIES, INC. and Aetna Insurance Co., Defendants.**

**Nos. 84 Civ. 5791 (SWK), 84 Civ. 6103 (SWK).**

United States District Court, S.D. New York.

June 26, 1987.

Friedman, Wang, and Bleiberg, New York City by William C. House, for Morse/Diesel and John Portman Associates.

Fisher and Fisher, Brooklyn, N.Y. by Andrew S. Fisher, for Trinity Industries, Inc.

Hart and Hume, New York City by Cecil Holland, for Helena Erectors, Inc.

McGuire and Tiernan, New York City by Harold F. McGuire, for St. Lawrence Cement Co.

Peckor and Abramson, New York City by Kevin D. Slakas, for A.J. McNulty and Co., Inc. and Blakeslee Prestress, Inc.

Shea and Gould, New York City by James E. Frankel, for Weidlinger Associates, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This case is presently before the Court on the third-party defendants' motion for reargument of this Court's decision of March 9, 1987 ("*Morse/Diesel I*") 655 F.Supp. 346, or, in the alternative, for modification of the decision to allow for interlocutory appeal and for a stay pending appeal. The basic facts of this case are recited in *Morse/Diesel I*, and will be repeated only when necessary.

### GROUNDS FOR REARGUMENT

Weidlinger Associates, Inc. ("Weidlinger"), the structural engineer, argues that in the absence of privity it cannot be held liable to third parties. Defendant John Portman Associates, Inc., the architect, joins Weidlinger's motion. Weidlinger argues that the Court improperly relied upon *White v. Guarente*, 43 N.Y.2d 356, 401 N.Y.S.2d 474, 372 N.E.2d 315 (1977) and *Credit Alliance Corporation v. Andersen*, 65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110 (1985) in abrogating the privity requirement in construction cases. Weidlinger argues that not only do *White* and *Credit Alliance* not abrogate the privity requirement, but even if they did, they do not apply to architects or structural engineers in construction cases. Weidlinger relies to a large degree on a recent Second Circuit opinion, *Widett v. United States Fidelity and Guaranty Company*, 815 F.2d 885 (2d Cir.1987).

A.J. McNulty and Co., Inc., the concrete panel installer, and Blakeslee Prestress, Inc., the prestressed concrete manufacturer, also move to reargue. St. Lawrence Cement Co., which fabricated precast concrete panels and designed accompanying steel connector clips, joins in this motion.

They assert that the Court improperly ruled that they could be liable for economic damages in tort, and that the Court should have applied the ruling in *Suffolk County v. Long Island Lighting Company*, 728 F.2d 52 (2d Cir.1984) and improperly relied upon *Consolidated Edison v. Westinghouse Electric Corp.*, 567 F.Supp. 358 (S.D. N.Y.1983). Blakeslee and McNulty also argue that the Court incorrectly relied upon *James McKinney & Son, Inc. v. Lake Placid 1980 Olympic Games, Inc.*, 92 A.D.2d 991, 461 N.Y.S.2d 483 (3d Dept. 1983), *modified*, 61 N.Y.2d 836, 473 N.Y. S.2d 960, 462 N.E.2d 137 (1984), in holding that they could be liable to other subcontractors in the absence of privity or a clear contractual duty to supervise the work of Trinity or Helena.

### THE PRIVITY REQUIREMENT

In *Morse/Diesel I*, the Court held that Trinity Industries, Inc., the structural steel contractor, and Helena Erectors, Inc., the structural steel erector, stated claims for negligence and negligent misrepresentation against Portman and Weidlinger even though there was no privity of contract. If privity is required, then all causes of action brought against Portman and Weidlinger, including negligence, negligent misrepresentation, contribution, and indemnification must be dismissed.

In *Widett, supra*, plaintiff, a subcontractor, sued the defendant, a landscape architect, for negligently preparing site plans on which the subcontractor relied to its detriment. The architect was hired by a county government, and its contract required it to conduct casual inspections of the construction site to ensure compliance with the plans. The county government retained primary responsibility for supervision of the work. The county also entered into a separate general construction contract with a construction company which in turn hired the plaintiff subcontractor.

Finding that there was no contractual relationship between the architect and the subcontractor, the Second Circuit citing *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931), stated: "[i]t is well

settled in New York, however, that professionals are not liable either in tort or contract absent privity." At 886.

The Second Circuit rejected the subcontractor's argument that the *Ultramares* privity requirement was relaxed to a sufficient degree in *White v. Guarente*, 43 N.Y.2d 356, 401 N.Y.S.2d 474, 372 N.E.2d 315 (1977) to allow plaintiff's suit to stand. The Circuit stated that although New York has followed *White* with respect to accountant liability, *see Credit Alliance v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110 (1985), "we do not believe that the Court of Appeals is prepared to extend these rulings to the architectural profession." At 887. The Second Circuit's support for this was the New York Court of Appeals' affirmance of the dismissal of claims by two subcontractors against architects with whom they were not in privity. *See Alvord and Swift v. Stewart M. Muller Construction Co.*, N.Y.L.J. Sept. 15, 1976 at 7, Col. 4 (Sup.Ct.N.Y.Co., Sept. 9, 1976), *aff'd*, 56 A.D.2d 760, 391 N.Y.S.2d 1000 (1st Dept. 1977), *aff'd*, 46 N.Y.2d 276, 413 N.Y.S.2d 309, 385 N.E.2d 1238 (1978); *Underhill Construction Co. v. New York Telephone Co.*, N.Y.L.J. Sept. 15, 1976, *aff'd as modified*, 56 A.D.2d 760, 391 N.Y.S.2d 1000 (1st Dept.1977), *aff'd without opinion*, 44 N.Y.2d 666, 405 N.Y.S.2d 40, 376 N.E.2d 201 (1978). The Second Circuit also cited *James McKinney & Son, Inc. v. Lake Placid 1980 Olympic Games, Inc.*, 92 A.D.2d 991, 461 N.Y.S.2d 483 (3d Dept. 1983), *modified on other grounds*, 61 N.Y.2d 836, 473 N.Y.S.2d 960, 462 N.E.2d 137 (1984), in which the court dismissed a subcontractor's negligence claim against an architect, and *Crow-Crimmins-Wolff & Munier v. County of Westchester*, 90 A.D.2d 785, 455 N.Y.S.2d 390 (2d Dept. 1982), in which the Second Department stated in dictum that without privity of contract, there is no duty running from a subcontractor to an architect.

The Second Circuit said that the facts of *Widett* presented no more compelling a case for the extension of *White* than those found in *Alvord and Swift* or *Underhill.* "The record discloses no direct communica-tion between [the architect and the subcontractor] regarding problems on the job site ... and no other special circumstances to justify the application of *White* to this case." At 887. The Court continued: "Given the Court of Appeals' apparent unwillingness to expand the modified privity requirement in *White* to architects on the basis of facts similar to those presented in this case, we conclude that a New York court would not adopt the rule [the subcontractor] argues for here." *Id.* at 887.

This last statement of the Second Circuit seems to lend itself to the interpretation that other circumstances might justify the relaxation of the privity requirement. However, the Second Circuit went on to say, "[t]he New York Court of Appeals has not relaxed the privity requirement for negligence actions against architects and appears unlikely to do so." *Id.* at 887. Thus, relaxation of the privity requirement in lawsuits for negligence against architects would require extraordinary circumstances.

This Court's understanding of *White* and *Credit Alliance*, as expressed in *Morse/Diesel I,* was that something less than, but very close to, privity was required before an accountant could be held liable to a third-party for negligence. The Second Circuit agreed in *Widett* that the privity requirement as to accountants had been modified in these cases. In *Morse/Diesel I,* this Court also presumed that the New York Court of Appeals was ready to apply the modified privity requirement to other professions. This Court also considered *Alvord and Swift, Underhill, James McKinney and Son,* and *Crow-Crimmins-Wolff and Munier,* and recognized that in each case a subcontractor's claim against an architect had been dismissed for lack of privity. The Court did not read these cases to mean that privity was required in negligence actions against architects, but felt that in those cases, the subcontractors did not state claims under the modified privity requirement because they failed to allege a sufficiently close relationship. The Court felt that in this case, a sufficiently close relationship had

been alleged so that the modified privity requirement would allow a claim for negligence. The Second Circuit clearly disagreed with this in *Widett*, stating both that privity is required to hold professionals liable, at 887, and, based on a number of New York cases, that the court was not ready to extend a modified form of privity to architects. The Court must now apply the Second Circuit's ruling in *Widett* to this case.

## A. *Portman*

■ The relevant portion of Trinity's claim against Portman alleges:

33. Portman and Weidlinger, as architect and structural engineer, respectively, of the Times Square Hotel, prepared the plans, drawings and specifications which were utilized by Trinity in connection with its bid for the structural steel subcontract.... These plans, drawings and specifications were also part of the Structural Steel Subcontract and were utilized by Trinity to perform its obligations under the Structural Steel Subcontract.

The relevant sections of Helena's claim against Portman allege:

61. Portman is the architect for the Project and prepared the plans, drawings, and specifications which Helena used to perform its work on the Project. As the architect of the project, Portman owed Helena a duty to prepare and provide accurate, sufficient, and complete plans, drawings and specifications.

62. Portman was negligent in that it failed and refused to prepare and provide Helena with accurate, sufficient, and complete plans, drawings, and specifications and, in fact, prepared plans, drawings and specifications which were defective in many respects....

In light of *Widett*, it is clear that privity is required to maintain an action against an architect. Although the Second Circuit held out the chance that "special circumstances" might justify relaxation of the privity requirement, it strongly implied

that the special circumstances must be similar to those in *White*, where the plaintiffs were essentially defendant's clients. No such circumstances are alleged in this case. Thus, Portman's motion to reargue is granted, and Trinity's and Helena's claims against it are dismissed.

## B. *Weidlinger*

■ Trinity's allegations against Weidlinger have already been reprinted. Helena's allegations against Weidlinger are exactly the same as those against Portman. It is thus clear that although Weidlinger was the structural engineer, it allegedly stood in the same relationship to Trinity and Helena as Portman, and *Widett* requires that all claims by Trinity and Helena be dismissed.

## DUTY OF CARE

Blakeslee, McNulty, and St. Lawrence do not argue that absent privity they cannot be held liable to Trinity and Helena. The privity requirement, as the Second Circuit stated in *Widett*, involves the provision of professional services. As this Court pointed out in *Morse/Diesel I*, a duty of care can arise to one not a party to a contract depending on the foreseeability of the liability and the intentions of the parties. Blakeslee, McNulty, and St. Lawrence argue that based on their subcontract with Morse/Diesel, the prime contractor, and on the relationship among the subcontractors, no duty was created or foreseen between them and Trinity or Helena. This Court disagreed in *Morse/Diesel I*, and continues to do so. The Court's reasoning is spelled out on pages 26–27 of *Morse/Diesel I*. The Court also refers to paragraphs 42–43, 50–53, and 59–61 of Trinity's third-party complaint and paragraphs 46–48, 81–83, and 86–90 of Helena's claims against third-party defendants as demonstrative of the close relationship alleged to exist among the subcontractors which gives rise to the duty of care. The motions for reargument and certification on the grounds of absence of duty of care are thus denied.

## DAMAGES FOR ECONOMIC LOSS

■ This Court disagrees with the third-party defendants' analysis of the relationship between *Suffolk County v. Long Island Light Company* ("LILCO") and *Consolidated Edison v. Westinghouse* ("Con Ed"). LILCO involved provisions of goods, and thus when the Second Circuit stated that New York law does not recognize a negligence action for economic loss, it was referring to cases involving provision of goods. The two cases the Second Circuit cited for this proposition, *Price Brothers Co. v. Olin Construction Co.*, 528 F.Supp. 716 (W.D.N.Y.1981) and *Martin v. Julius Dierck Equipment Co.*, 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978), are also cases involving defective products. *Con Ed*, on the other hand, involved provisions of service. As the Court stated, the claims in *Con Ed* were fairly "characterized as alleging negligence in the performance of services. In light of New York's well-established recognition of such a cause of action, even where only economic loss is sought to be recovered, we conclude that these allegations state an actionable claim under New York law." 567 F.Supp. at 366. As *LILCO* and *Con Ed* involve different fact patterns, *LILCO* does not affect the clear ruling in *Con Ed*.

■ Defendants also argue that privity is required before economic loss can be recovered. Since there was no third-party contractual relationship between the third-party defendants and Helena or Trinity, the third-party defendants claim they cannot be held liable for economic loss. Rather, they argue that if the loss due to their alleged negligent performance were only economic, they cannot be liable absent privity of contract.

Defendants do not cite a case that stands directly for the proposition they support. Rather, they state that *Con Ed* relied on the fact that the parties had a contract.

The Court stands by its ruling that as long as a duty exists between the parties, recovery for economic loss for negligent performance of contractual duties is available. Nevertheless, language in *Con Ed* also indicates that there is a substantial ground for difference of opinion as to its ruling. " 'On the other hand, however, when the action is one for pecuniary interest only, where there is a contractual agreement between the parties, the general tendency has been to allow the plaintiff to sue in contract or tort.' " 567 F.Supp. at 365 (*quoting Paver and Wildfoerster v. Catholic High School Associates*, 38 N.Y.2d 669, 675, 382 N.Y.S.2d 22, 345 N.E.2d 565 (1976)). This issue is controlling as to Blakeslee, McNulty, and St. Lawrence. Its resolution would materially advance this litigation. The Court thus certifies that portion of its order in *Morse/Diesel I* which ruled that Blakeslee, McNulty and St. Lawrence could be held liable to Trinity and Helena for economic loss in the absence of privity of contract. All proceedings against these defendants are stayed pending resolution of the appeal.

SO ORDERED.