■ LOUIS HACKMEYER, INC., et al., Respondents, v NEW WARSAW BAKERY, INC., et al., Appellants. [602 NYS2d 904] —In an action, *inter alia,* to recover on a note, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Rosenzweig, J.), dated June 27, 1991, which, *inter alia,* granted the plaintiffs' motion for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the defendants' contentions, the plaintiffs sufficiently established their causes of action to warrant judgment in their favor *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; CPLR 3212 [b]). In support of the motion, the plaintiff N.Y. Flour Distributors, Inc., submitted an invoice report, supported by the corporation's president, of all amounts owed by the defendant New Warsaw Bakery, Inc. The plaintiffs Louis Hackmeyer, Inc., and Bay State Milling Co. submitted invoice reports showing balances owed by a company known as Grand Bakery, Inc. In addition, they submitted letters

signed by the president of New Warsaw Bakery, Inc., indicating that he owned both New Warsaw Bakery, Inc., and Grand Bakery, Inc. In those letters, he acknowledged that New Warsaw Bakery, Inc., was actually responsible for certain stated debts to the plaintiffs which had been improperly billed to Grand Bakery, Inc. The plaintiff Louis Hackmeyer, Inc., submitted a promissory note signed by the individual defendants and an affidavit indicating that they had not made full payment on the note.

Upon the plaintiffs' successful demonstration of their entitlement to judgment, the burden shifted to the defendants to demonstrate the existence of a factual issue requiring a trial of the action or to tender an acceptable excuse for their failure to do so (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient (see, Zuckerman v City of New York, supra; Alvord & Swift v Muller Constr. Co., 46 NY2d 276). The defendants failed to meet their burden.

The defendant New Warsaw Bakery, Inc., failed to raise any issue of fact pertaining to its debt to N.Y. Flour Distributors, Inc. Furthermore, it acknowledged that its president had signed letters to the effect that New Warsaw Bakery, Inc., was responsible for debts improperly billed to Grand Bakery, Inc., by Louis Hackmeyer, Inc., and Bay State Milling Co. The president insinuated that he signed the letters under pressure, but he did not explicitly deny that debts were due to the plaintiffs, nor did he contest the amounts demanded. Finally, the individual defendants failed to raise any issue of fact pertaining to their payment on the promissory note. At most, they tenuously established that they had paid back $5,000 of the amount due on the note. In any event, the Supreme Court took this into consideration in rendering its judgment in favor of the plaintiffs. Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.