■ BRAUN EQUIPMENT COMPANY, INC., Plaintiff, v MELI BORELLI ASSOCIATES et al., Defendants, CREDIT SUISSE, Defendant and Interpleading Plaintiff-Respondent. GREENE MECHANICAL CORP. et al., Interpleaded Defendants-Appellants, et al., Interpleaded Defendant. (And a Third-Party Action.) [632 NYS2d 549] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 3, 1995, which granted defendant and interpleading plaintiff Credit Suisse's motion to stay arbitration demanded by interpleaded defendant Greene Mechanical Corp., unanimously affirmed, without costs.

The prime contract at bar (the "Construction Management Agreement") expressly precludes third-party privity. The subcontract (the "Plumbing Contract") has language incorporating the prime contract's terms by reference. Accordingly, the subcontractor is not in privity with the tenant (who acts as an owner for present purposes), and the subcontractor's recourse is against the prime contractor only (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 280). Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.

■ KATHRYN LUCARELLO et al., Respondents, v NEW YORK ZOOLOGICAL SOCIETY, Defendant, and LENOX HILL HOSPITAL et al., Appellants. [632 NYS2d 548] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered May 23, 1995, which denied defendants-appellants' motion to change venue from Bronx County to either Putnam County or New York County, unanimously affirmed, without costs.

Plaintiffs properly commenced the action in Bronx County since one of the defendants, no longer a party, resided there. The IAS Court properly exercised its discretion in declining to transfer the action to New York or Putnam County (see, Callesto v Williams, 107 AD2d 1055), 4¹/₂ years having passed since the commencement of the action and the case ready for jury selection. Pursuant to CPLR 510 (3), the movant bears the burden of demonstrating that the convenience of the material witnesses would be better served by the change of venue. Here, defendants-appellants did not establish that the convenience of two prospective witnesses would be served by the proposed transfer (see, Rodriguez v Ryder Truck Rental, 100 AD2d 811). Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.