Torres v DeFilippo (2023 NY Slip Op 01271)

Torres v DeFilippo

2023 NY Slip Op 01271

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 655746/18 Appeal No. 17504 Case No. 2022-02832 

[*1]Dean Torres et al., Plaintiffs-Respondents,
v
Vincent DeFilippo, as Trustee of Desert Rose Trust et al., Defendants, Michael Mazzella, Individually et al., Defendants-Appellants.

Sharova Law Firm, Brooklyn (Charles W. Marino of counsel), for appellants.
Notice Law PLLC, Bronx (James U. Notice of counsel), for respondents.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about September 30, 2021, which, to the extent appealed from, denied defendants Michael Mazzella and Michael SJ Mazzella, RA's motion for summary judgment dismissing plaintiffs' fourth cause of action for intentional interference with contract, unanimously modified, on the law, to dismiss plaintiffs' demand for punitive damages, and otherwise affirmed, without costs.
Defendants met their prima facie burden by submitting Mazzella's affidavit that he did not interfere with plaintiffs' purported contract with defendant Vincent DeFilippo without justification, but acted in furtherance of his professional obligations as an architect by bringing specific problems with plaintiffs' work as a contractor to DeFilippo's attention (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282 [1978]). However, on this record plaintiffs raised an issue of fact through Dean Torres's affidavit that, contrary to Mazzella's assertion, he had completed all aspects of the original scope of work and change orders. Torres's affidavit set forth the elements of the claim by averring that plaintiffs had a contract with DeFilippo, that Mazzella was aware of the contract, and that Mazzella purposely and without justification caused DeFilippo to break the contract and renege on final payment by failing to confirm that there was a written, signed contract with plaintiffs entitling them to the final payment demanded (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Manhattan Ctr. for Early Learning Inc. v New York Child Resource Ctr., Inc., 59 AD3d 365 [1st Dept 2009]). Plaintiffs are not required to show that Mazzella used "wrongful means" to interfere with the contract, since that requirement is applicable to claims of tortious interference with prospective economic relations (see Carvel Corp. v Noonan, 3 NY3d 182, 189-191 [2004]) We modify to dismiss plaintiffs' demand for punitive damages because plaintiff has failed to allege facts that would entitle them to this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023