MERRITT & CHAPMAN DERRICK & WRECKING CO. v. KORONSKY et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.
   An appeal will not lie from a judgment by default.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 876*)—RECORD—MINUTES OF INQUEST—REVIEW.
   Though the appeal from a default judgment must be dismissed, the defendant having appealed from a judgment refusing to open the default, the minutes taken upon the inquest form part of the record, and may be examined to ascertain whether a cause of action has been shown to exist against defendant.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 876.*]

3. JUDGMENT (§ 138*)—DEFAULT—OPENING.
   Failure to prove a cause of action is a most potent reason why a judgment should be set aside and a default opened.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 138.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Merritt & Chapman Derrick & Wrecking Company against Benjamin Koronsky and another. From a default judgment in favor of plaintiff, and an order denying a motion to open such default, defendants appeal. Appeal from judgment dismissed, and order denying motion to open default reversed, and cause remanded.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Horace London, for appellants.
Warner & Williams, for respondent.

GIEGERICH, J. The appeal from the judgment must be dismissed, as such an appeal will not lie. The minutes taken upon the inquest form part of the record, and may therefore be examined with

a view to ascertaining whether or not a cause of action has been shown to exist against the defendants, as the failure to prove a cause of action is a most potent reason why a judgment should be set aside and a default opened. An examination of the testimony given on the part of the plaintiff fails to establish any claim against these defendants. The action was clearly brought against them either as joint debtors or copartners, and the proof given does not show that they were either. The evidence also fails to show that the plaintiff was ever employed to perform the work sued for by the defendants or either of them, or by any one having authority from defendants to so employ the plaintiff. The order must therefore be reversed.

Appeal from judgment dismissed, with $10 costs, and the order reversed, the default of the defendants in the lower court opened, and judgment vacated upon such terms as may be properly imposed by the lower court. Costs of this appeal to the appellants to abide the event of a new trial. All concur.