ANGLO-AMERICAN AUTHORS' ASS'N v. SLUTSKY.

(Supreme Court, Appellate Term. April 8, 1909.)

1. JUDGMENT (§ 126*)—DEFAULT—INQUEST—RIGHT TO SUE.
    A default judgment for plaintiff could not be sustained, where no assignment to plaintiff of the contract sued on was shown at the inquest, nor evidence offered indicating in what manner he claimed the right to sue on the contract, to which he was not a party.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 228–230; Dec. Dig. § 126.*]

2. JUDGMENT (§ 126*)—DEFAULT—INQUEST.
    Where the minutes taken on an inquest failed to show a cause of action against a defendant, his default should be opened.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 126.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Anglo-American Authors' Association against M. F. Slutsky. From an order of the Municipal Court, denying defendant's motion to open his default, he appeals. Reversed, and application granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Louis A. Brown, for appellant.

GILDERSLEEVE, P. J. The defendant appeals from an order denying his motion to open his default. The plaintiff's cause of action is based upon a contract made between the firm of A. R. Keller & Co. and the defendant for the delivery to defendant of a set of books. The minutes taken upon the inquest are attached to the return.

Without regard to the excuses given by the defendant for his failure to appear upon the return day of the summons, there is sufficient ground for a reversal of the order herein, for the reason that no cause of action is shown to exist in this plaintiff. No assignment of the contract sued upon is shown, and how or in what manner this plaintiff claims to have a right to maintain an action upon such contract does not appear. Where the minutes taken upon an inquest fail to show a cause of action against a defendant, a default should be opened. Merritt & Chapman Co. v. Koronsky (Sup.) 113 N. Y. Supp. 744.

Order reversed, with costs, and default opened in the court below upon payment of $10 costs. All concur.