OPINION OF THE COURT
Michael A. Ciaffa, J.
Plaintiff, Resurgent Capital Services, LLC (Resurgent Capital), commenced this action against defendant, Colleen M. Mackey, on October 6, 2010. According to plaintiffs complaint, which was signed by plaintiffs counsel pursuant to 22 NYCRR 130-1.la (a), Resurgent Capital was the “purchaser and assignee” of an account it acquired from “Capital One” (complaint If 5). However, as it now turns out, Resurgent Capital was not, in fact, the purchaser of the subject account.
Plaintiffs counsel admits as much in an affirmation dated February 2, 2011, in support of counsel’s “motion to amend caption.” The notice of motion filed by counsel seeks, on its face, “an order amending the caption only to the extent of amending the name of plaintiff in this matter to: LVNV Funding LLC from Resurgent Capital Services, LLC.” Counsel’s moving affirmation makes no effort to explain how or why plaintiff Resurgent Capital was initially named as the plaintiff in this action. Although counsel contends that “LVNV Funding LLC seeks to amend the caption in this case to reflect that the real party in economic interest is LVNV Funding LLC,” no proof of that alleged “economic interest” is submitted. Instead, counsel’s allegations are based entirely upon his review of an otherwise unspecified “electronic file” and certain “notes” maintained in his office.
Under the circumstances presented, the instant motion may not properly be granted under the CPLR’s provisions governing substitution of a party or the amendment of a pleading. (See CPLR 1015-1022, 3025.) The request to “amend” the caption involves neither a party’s “transfer of interest” to another (see CPLR 1018), nor the correction of a mere misnomer. (Compare Ihope DeWaters Plumbing & Heating Co., Inc. v Ioffe, 28 Misc 3d 139[A], 2010 NY Slip Op 51525[U] [App Term, 1st Dept 2010].) Rather, it presents facts involving a fundamental and fatal defect — namely, counsel’s failure to properly identify the plaintiff in this action. Proper identification of the plaintiff “is a *267 basic requirement of due process.” (See 82 NY Jur 2d, Parties § 19.) If Resurgent Capital Services, LLC is not, in fact, the lawful assignee of the underlying debt allegedly owed to Capital One, the only appropriate response is for the court to dismiss plaintiffs action. Accordingly, plaintiffs motion to “amend the caption” is denied, and the action is dismissed. Since Resurgent Capital concededly has no legitimate interest in the subject claim, the dismissal is being made with prejudice as to Resurgent Capital, and any related entities united in interest with it.
The foregoing relief has not been mooted by counsel’s belated effort to avoid dismissal through the filing, on April 22, 2011, of a “notice of discontinuance.” The notice purports to discontinue the action “without prejudice on notice, pursuant to CPLR 3217.” Although the cited statute allows a party to discontinue an action without a court order in certain specified circumstances, the case at bar is not one of them. As Professor Siegel notes in his Practice Commentaries to CPLR 3217 (McKinney’s Cons Laws of NY, Book 7B, CPLR C3217:l, at 733), the law previously allowed voluntary discontinuances “too freely.” In order to prevent abuses of the procedure, the rule was “tightened up to limit the discontinuance made by mere notice.” (Id.)
Under the law, as presently worded, voluntary discontinuances by notice are narrowly limited to the earliest stage of an action. If the defendant has not served a responsive pleading, the plaintiff has, at most, 20 days from the date of service of its own pleading to file a notice of voluntary discontinuance. (See CPLR 3217 [a] [1].) As explained in Professor Siegel’s Practice Commentaries (CPLR C3217:4, at 735):
“PQaintiff] may discontinue her claim by mere notice at any time before Defendant] serves an answer, or within 20 days after plaintiff served the complaint, ‘whichever is earlier’ . . . Thus, either the service of an answer or the expiration of the 20-day period will cut off the plaintiff’s right to discontinue by notice.”
In the instant case, service of process was made upon defendant on October 25, 2010, when the summons and complaint were delivered to Mary Mackey, a “family member” and “a person of suitable age and discretion.” Accordingly, plaintiffs time to voluntarily discontinue the action through the filing of mere notice expired 20 days after October 25, 2010. That 20-day period thus elapsed on or about November 15, 2010. Consequently, the filing of plaintiffs notice of discontinuance on April *268 22, 2011 was ineffective as a proper voluntary discontinuance of the action without prejudice.
Finally, although the court certainly has the power to approve a discontinuance upon such terms and conditions as the court deems proper (see CPLR 3217 [b]), the court declines to allow counsel a “do over.” Counsel’s failure to properly identify the alleged assignee of the underlying debt reflects an all too common lack of due diligence by attorneys involved in high volume assigned debt practices. The correct identity of the plaintiff should have been determined at the outset of the case. Moreover, to this day, the court has not been presented with any proof respecting the alleged assignment. As the Court of Appeals has noted: Only where there is a properly executed assignment does the assignee become the “real party in interest” and acquire standing to enforce the rights of the assignor. (James McKinney & Son v Lake Placid 1980 Olympic Games, 61 NY2d 836, 838 [1984].) Absent proof of “how or in what manner this plaintiff claims to have a right to maintain an action” against the defendant, the plaintiff could not have lawfully obtained a judgment against the defendant, even upon a default. (Anglo-American Authors’ Assn. v Slutsky, 116 NYS 31, 32 [App Term 1909].)
Most notably, not a single piece of paper from Capital One has been offered by plaintiffs counsel supporting its claim that defendant is indebted to the bank’s successor, pursuant to a lawful assignment. Given the sparse evidence presented, and the assigned debt industry’s frequent pursuit of claims that lack proper documentation, the only just result is a dismissal, with prejudice, of the instant action.