■ Louis Ligator, Respondent, v Continental Bank, Appellant, and T. G. Holding Corp., Respondent.—In an action, *inter alia,* to vacate a confession of judgment against the plaintiff in favor of the defendant Continental Bank, the defendant bank appeals (1) from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered November 4, 1987 which, *inter alia,* vacated the confession of judgment against the plaintiff, and, upon granting the cross motion of the defendant T. G. Holding Corp. for summary judgment on a cross claim against the defendant bank, is in favor of T. G. Holding Corp. and against it in the principal sum of $261,200, and (2) an order of the same court, dated November 10, 1987 which denied its motion to stay entry of the judgment, or, alternatively, to vacate the judgment on the ground of newly discovered evidence.

Ordered that the judgment and the order are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In this action, the parties seek, in essence, an interpretation of an agreement between the defendant Continental Bank and the United States Department of Commerce, Economic Development Administration (hereinafter the EDA). The EDA had guaranteed 90% of a $3,000,000 loan which the bank had made to the plaintiff's corporation, Microstar, Inc. (hereinafter Microstar), and which the plaintiff had personally guaranteed. Following Microstar's default, the EDA and the bank executed a participation agreement whereby, in consideration of EDA's payment to Continental of 90% of the outstanding loan balance plus interest, the parties were to share in any payments or recoveries under the loan guarantee, in the ratio of 90% to the EDA and 10% to the bank. The agreement further provided, under paragraph 7 that: "Neither party shall sell,

pledge, assign, sub-participate or otherwise transfer its respective rights under this agreement, the Collateral, or any portion of the Loan without procuring in advance the written consent of the other party. This agreement shall be governed by the laws of New York, may not be amended or modified orally, and shall bind the respective legal representatives, successors and assigns of the Bank and EDA. Without prior written consent of the other, neither EDA nor the Bank shall agree to modify, amend, or supplement the note or any agreements relating to the Collateral or to release, waive or discharge the Borrower or any of the Collateral."

The bank subsequently entered into a so-called "Confirmation and Agreement" with the plaintiff, under which the plaintiff was to repay the bank the 10% of the outstanding loan balance which had not been covered under the EDA guarantee. The bank obtained an affidavit of confession of judgment which was to be filed in the event of the plaintiff's default in making scheduled payments.

It is well settled that the interpretation of an agreement is within the province of the court and may be determined as a matter of law (see, *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291). We find that the court correctly held that the confirmation and agreement and the confession of judgment obtained from the plaintiff without the EDA's prior written consent violated the participation agreement.

It is clear that under the participation agreement, the bank had absolutely no right to retain all of the funds paid to it by the plaintiff. Therefore, the court properly ordered the bank to remit such funds to the defendant, T. G. Holding Corp., the assignee of the EDA, minus, of course, the 10% to which it was entitled under the reservation of rights provision in the bank's assignment to the EDA and its successors in interest.

We have considered the bank's further contentions and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.