■ POUCH TERMINAL, INC., Appellant, v HAPAG-LLOYD (AMERICA) INC. et al., Respondents.—In an action for a declaratory judgment, a permanent injunction, specific performance of a lease and damages arising out of the defendants' attempt to terminate that lease, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), entered December 13, 1989, as granted the defendants' motion for summary judgment, denied that branch of the plaintiff's cross motion which was for summary judgment, and declared that the defendants properly terminated the lease in question.

Ordered that the order and judgment is modified by deleting the first, second, third, fourth and seventh decretal paragraphs thereof and substituting therefor a provision denying the defendants' motion for summary judgment; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, Pouch Terminal, Inc., owns a seven story building in Staten Island, New York. Portions of this building had been used for warehouse purposes but in 1977, the plaintiff began marketing it as an office building. By lease dated December 9, 1981, the defendants agreed to rent approximately one third of the rentable space in the building for a 15-year term with two options for five-year extensions. By section 36 of the lease, the plaintiff represented that it intended to "renovate" so as to permit non-warehouse commercial use and the defendants were afforded the right to terminate the lease if the plaintiff had not "converted" at least 75% of the "rentable space" to non-warehouse commercial and office use by March 20, 1989.

Contending that the plaintiff failed to comply with the 75% conversion requirement within the time specified, the defendants sought to terminate the lease, whereupon the plaintiff commenced this action, *inter alia,* for a declaration that "conversion" had been effectuated and that therefore the defendants had no right to terminate the lease. On a motion and cross motion for summary judgment, the Supreme Court declared that although warehouse use had been discontinued throughout the building and although the plaintiff obtained a temporary certificate of completion for the building for business office use, the conversion requirement had not been satisfied because two floors were not "occupiable" by the time specified and that, therefore, the defendants were entitled to terminate the lease.

It is well-settled that determination of the intent of the parties to a contract can be made as a matter of law without trial where that intent is discernible from the four corners of an unambiguously worded agreement *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Ligator v Continental Bank,* 152 AD2d 684, 685). Where, however, the language of a contract is susceptible of varying but reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact *(see, State of New York v Home Indem. Co.,* 66 NY2d 669). We find that whether the parties here intended that the building was to be ready for occupants by March 20,

1989, in order to cut off the defendants' termination rights cannot be determined as a matter of law by their use of the otherwise unexplained terms, "renovate" and "converted". Since triable issues of fact exist as to what the parties intended, summary judgment was improper (see, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285).

In light of the foregoing, it is unnecessary to reach the parties' remaining contentions. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.