■ FUNDING PARTNERS, INC., Respondent, v RIT AUTO LEASING GROUP, INC., Appellant. [733 NYS2d 901] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated March 27, 2000, as granted the plaintiff's motion for summary judgment on its first cause of action and to dismiss its first counterclaim.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

By agreement dated April 1, 1997, the parties agreed that the defendant would pay an acquisition fee to the plaintiff for

leasing transactions in which the plaintiff located a financing source. Specifically, the agreement provided that the plaintiff was requested to locate a financing source "in connection with [the defendant's] auto and or equipment leasing transactions." Upon the defendant's refusal to pay acquisition fees to the plaintiff in connection with lease transactions, the plaintiff commenced the instant action, *inter alia*, to recover damages for breach of contract. The Supreme Court awarded the plaintiff summary judgment on that cause of action. We affirm.

Whether a writing is ambiguous is a question of law to be resolved by the court (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). The intent of the parties to a contract can be determined as a matter of law without a trial where that intent is discernible from the four corners of an unambiguously-worded agreement (*see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). Where, however, the language is susceptible of varying but reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of the fact (*see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671).

The Supreme Court correctly determined, as a matter of law, that the parties intended that the acquisition fees were to be paid to the plaintiff for all lease transactions, and that the agreement was not limited to commercial leases. Accordingly, the award of summary judgment to the plaintiff was proper (*see, Pouch Term. v Hapag-Lloyd [Am.],* 172 AD2d 735). Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.