■ BOBB L. COURTMAN, Respondent, v HUDSON VALLEY BANK et al., Appellants. [829 NYS2d 67]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 14, 2006, which, to the extent appealed from as limited by the brief, denied that branch of the motion of defendant Hudson Valley Bank seeking summary judgment dismissing plaintiff's fourth and fifth causes of action as against it and that branch of the same motion seeking summary judgment upon the same defendant's counterclaim, unanimously reversed, on the law, with costs, and the motion granted with respect to the fourth and fifth causes of action and the counterclaim. Order, same court and Justice, entered May 2, 2006, which, to the extent appealed from, upon the grant of reargument, adhered to the prior order, same court and Justice, entered January 18, 2006, denying the motion of the attorney defendants insofar as it sought dismissal of the fourth cause of action as against them, and denied the previously granted branch of the same motion seeking dismissal of the fifth cause of action as against the same defendants, unanimously reversed,

on the law, with costs, and the motion granted with respect to the fourth and fifth causes of action. Appeal from the January 18, 2006 order unanimously dismissed, without costs, as superceded by the appeal from the May 2, 2006 order. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint and in favor of defendant Hudson Valley Bank in the amount of $17,559.74 with statutory interest from July 22, 2002.

Plaintiff came into possession of $40,000 as a consequence of an erroneous wire transfer from an escrow account at defendant bank created to assure the satisfaction of certain judgments against him. Although admitting that he was not entitled to the transferred funds, plaintiff refused the bank's request for the money's return. Defendant attorneys, on the bank's behalf, then contacted the office of the sheriff in plaintiff's county of residence, detailing the underlying events and offering the legal opinion that the $40,000 had been stolen. Plaintiff was subsequently arrested and charged with theft, but was ultimately acquitted.

It is plain that defendants' alleged conduct does not furnish a basis for a claim of false arrest or imprisonment, and accordingly, that plaintiff's fourth cause of action should have been dismissed. Plaintiff's arrest was effected by a law enforcement agency based on its own review of the matter. That the agency's investigation was initiated by reason of defendants' letter is not a sufficient predicate for tort liability (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]; *Celnick v Freitag*, 242 AD2d 436, 437 [1997]), particularly since it is clear that defendants had a good faith basis to believe that plaintiff's refusal to return the erroneously transferred funds constituted an unlawful taking. Nor, in light of the good faith basis for defendants' communication with the sheriff's office, does plaintiff have a tenable claim for intentional infliction of emotional distress. The conduct by defendants upon which the fifth cause of action, purporting to allege that tort, is premised was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983] [internal quotation marks and citation omitted]).

Inasmuch as defendant bank has established that it reimbursed the escrow account from which the erroneous transfer was made for the full amount of the erroneous transfer, and that after the payment of plaintiff's obligations from that account, it was credited only with the remaining sum of

$22,440.26, it has established an entitlement to recover the unrecouped balance of $17,559.74 from plaintiff, and accordingly, summary judgment in that principal amount should have been awarded on the bank's counterclaim. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.