■ Alexander Breytman, Respondent, v Olinville Realty, LLC, et al., Appellants. Alexander Breytman, Appellant, v City of New York et al., Respondents. [850 NYS2d 9]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered March 28, 2007, which, to the extent appealed and cross-appealed from, granted so much of the cross motion of defendants Olinville Realty, LLC, Weiner Realty, LLC, Pinnacle Bronx, LLC, and Anthony Mota (the non-City defendants) for summary judgment dismissing the cause of action for malicious prosecution and denied so much of the cross motion for summary judgment dismissing the cause of action for false arrest, and which, sua sponte, dismissed plaintiff's complaint against defendants City of New York, New York City Police Department and Detective Argiento (the City defendants), unanimously modified, on the law, to grant summary judgment dismissing plaintiff's cause of action for false arrest against the non-City defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of the non-City defendants dismissing the complaint as against them.

The fact that discovery had not yet been completed did not bar the court from granting the non-City defendants' cross motion for summary judgment on the malicious prosecution cause of action (*Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]). Neither plaintiff nor his attorney indicated that additional discovery was needed to oppose the cross motion, and even on appeal, plaintiff fails to specify what further discovery he is seeking (*see Auerbach v Bennett*, 47 NY2d 619, 636 [1979]). The court was also not obliged to deny the non-City defendants' cross motion where they failed to include a copy of the pleadings since the record evidence establishes that when plaintiff moved to consolidate his case against the City defendants with his case against the non-City defendants, he provided a copy of the pleadings (*see Welch v Hauck*, 18 AD3d 1096, 1098 [2005], *lv denied* 5 NY3d 708 [2005]). Furthermore, the court had the authority to award summary judgment to the City defendants even though they had not moved for such relief (*see* CPLR 3212 [b]).

Dismissal of plaintiff's malicious prosecution claim against both the City and non-City defendants was appropriate. The criminal proceeding against plaintiff was dismissed at the People's request because they did not believe they could meet

their burden at trial, and thus, the final disposition "did not involve the merits and did not indicate his innocence" (*Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421, 422 [2006]). The non-City defendants should also have been granted summary judgment dismissing the false arrest claim against them because "a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest" (*Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]; *see also Courtman v Hudson Val. Bank*, 37 AD3d 181 [2007]). Plaintiff's argument that the non-City defendants may have acted more culpably than the record suggests is based on speculation and not sufficient to raise a triable issue (*see Grant v Barnes & Noble*, 284 AD2d 238 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.