■ ROSE GIRALDO, Respondent, v THOMAS MORRISEY et al., Appellants. [880 NYS2d 512]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a

judgment of the Supreme Court, Queens County (Kitzes, J.), entered March 26, 2008, which, upon an order of the same court dated February 29, 2008, granting, without opposition from the defendant Melissa Morrisey, the plaintiff's cross motion for summary judgment on the first cause of action, is in favor of the plaintiff and against the defendants in the sum of $40,000. The notice of appeal from the order is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the appeal by the defendant Melissa Morrisey from the judgment insofar as against her is dismissed, as she is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the judgment insofar as against the defendant Thomas Morrisey is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Melissa Morrisey is not aggrieved by the judgment in favor of the plaintiff, as she did not oppose the cross motion which resulted in the order upon which the judgment was entered (*see Ciaccio v Germin*, 138 AD2d 664 [1988]).

The Supreme Court properly determined that the plaintiff established, prima facie, her entitlement to summary judgment on her first cause of action to recover damages for breach of contract (*see Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [2007]; *Funding Partners v RIT Auto Leasing Group*, 288 AD2d 431, 432 [2001]; *MBNA Am. Bank v Brenner*, 239 AD2d 566 [1997]; *Furia v Furia*, 116 AD2d 694, 695 [1986]). In opposition, the defendant Thomas Morrisey (hereinafter the defendant) failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *MBNA Am. Bank v Brenner*, 239 AD2d 566 [1997]). The defendant's mere hope that further discovery would reveal the existence of triable issues of fact was insufficient to delay determination of the plaintiff's cross motion for summary judgment (*see Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007]; *Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]). Accordingly, the award of summary judgment in favor of the plaintiff on her first cause of action for $40,000 was proper. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.