TALON AIR, INC., Respondent, v KEVIN FRANCIS MADDEN, Appellant. [915 NYS2d 298]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Lally, J .), entered April 7, 2010, which granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaim, and denied his cross motion for summary judgment on the counterclaim and dismissing the complaint, and (2) a judgment of the same court entered May 13, 2010, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $98,551.34. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting from the first decretal paragraph thereof the provision awarding the plaintiff the total sum of $53,762.34 on the third cause of action; (2) by deleting from the first decretal paragraph thereof the provision awarding the plaintiff the total sum of

$98,551.31; and (3) by deleting the second decretal paragraph thereof dismissing the defendant's counterclaim; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the third cause of action and dismissing the counterclaim are denied, the order entered April 7, 2010, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the severance of the third cause of action and the counterclaim from the remaining causes of action and the entry of an amended judgment accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490 [2002]).

In the first and second causes of action, the plaintiff sought to recover damages, inter alia, for breach of contract. In the third cause of action, the plaintiff sought to recover the sum of $50,000 for use and occupancy based upon rental payments that it allegedly made on the defendant's behalf. The defendant asserted a counterclaim to recover unpaid wages and compensation. In an order entered April 7, 2010, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaim, and denied the defendant's cross motion for summary judgment on the counterclaim and dismissing the complaint. Upon the order, judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $98,551.34.

As to those branches of its motion which were for summary judgment on the first and second causes of action, the plaintiff established its prima facie entitlement to judgment as a matter of law (*see Giraldo v Morrisey*, 63 AD3d 784, 785 [2009]; *Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [2007]; *Funding Partners v RIT Auto Leasing Group*, 288 AD2d 431, 432 [2001]). In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *MBNA Am. Bank v Brenner*, 239 AD2d 566 [1997]). The defendant's mere hope that further discovery would reveal the existence of triable issues of fact was insufficient to delay determination of those branches of the plaintiff's motion (*see Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007]; *Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]).

However, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the third cause of action and dismissing the counterclaim. The plaintiff's submissions relating to the third cause of action failed to establish its prima facie entitlement to judgment as a matter of law based upon the existence of any agreement, written or otherwise, which required the defendant to repay the plaintiff for any rental payments that the plaintiff may have made on the defendant's behalf (cf. *Roccanova v Aussino [USA], Inc.*, 76 AD3d 522 [2010]). In addition, the plaintiff failed to submit competent evidence demonstrating, prima facie, that it had actually made any rental payments on the defendant's behalf, or that there was a landlord-tenant relationship between the parties (*see Reads Co., LLC v Katz*, 72 AD3d 1054, 1055-1056 [2010]). Since the plaintiff did not tender "sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d at 324) on the third cause of action, it failed to meet its prima facie burden. While the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the counterclaim, the defendant raised a triable issue of fact in opposition.

The defendant's remaining contentions are without merit.

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for the severance of the third cause of action and the counterclaim from the remaining causes of action, and the entry of an amended judgment in connection with the first and second causes of action. Dickerson, J.P., Leventhal, Hall and Austin, JJ., concur.