Estaban Ponce-Francisco, Appellant, v Plainview-Old Bethpage Central School District, Respondent. [920 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated December 4, 2009, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1).

Ordered that the appeal from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 is dismissed, as the plaintiff is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

While working for a contractor hired to remove and replace various areas of the roof of a school owned by the defendant, the plaintiff allegedly was injured when he fell through a skylight located in a higher area of the roof that was not part of the subject project. The plaintiff commenced this action against the defendant, asserting causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

As a threshold matter, the appeal from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 must be dismissed. The plaintiff did not oppose those branches of the motion and, therefore, is not aggrieved by the order to the extent that it granted them (*see* CPLR 5511; *see also Giraldo v Morrisey*, 63 AD3d 784, 785 [2009]; *Ciaccio v Germin*, 138 AD2d 664, 665 [1988]).

Contrary to the defendant's contention, the defendant's submissions in support of those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) failed to establish, prima facie, that the plaintiff was not entitled to the protection of those statutes (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]; *Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952, 954 [1997]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666, 667 [2003]; *Rivera v Squibb Corp.*, 184 AD2d 239, 239 [1992]; *cf. Ferenczi v Port Auth. of N.Y. & N.J.*, 34 AD3d 722, 724 [2006]; *Morra v White*, 276 AD2d 536, 537 [2000]; *Houchang Haghighi v Bailer*, 240 AD2d 368, 368 [1997]; *Santos v 304 W. 56th St. Realty LLC*, 21 Misc 3d 174, 178-179 [2008]). Accordingly, the Supreme Court should have denied those branches of the defendant's motion. The defendant's alternative argument in support of summary judgment dismissing the foregoing causes of action is raised for the first time on appeal and, thus, is not properly before this Court (*Terranova v Waheed Brokerage, Inc.*, 78 AD3d 1040 [2010]).

The plaintiff's submissions in support of his cross motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1) presented triable issues of fact as to whether the defendant violated the statute or whether, on the other hand, the plaintiff's own actions were the sole proximate cause of his accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *see also Mariani v New Style Waste Removal Corp.*, 269 AD2d 367, 367 [2000]). Accordingly, the Supreme Court properly denied the cross motion.

We decline the plaintiff's request to search the record and award him summary judgment on the issue of liability with respect to the causes of action alleging a violation of Labor Law § 241 (6). Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.