■ PATRYK JANIAK, Respondent, v SHELIA EWALL, Appellant, and EWALL & EWALL, Respondent. (And a Third-Party Action.) [931 NYS2d 344]—

The plaintiff owned his own contracting company and was working on a job at premises owned by Sheila Ewall, incorrectly sued herein as Shelia Ewall (hereinafter the appellant), and leased by the defendant Ewall and Ewall (hereinafter the Firm). The plaintiff allegedly was injured when he fell from an A-frame ladder as he was removing the sleeve of an air conditioning unit at the premises. The plaintiff commenced this action against the defendants alleging, inter alia, violation of Labor Law § 240 (1). The Supreme Court, among other things, denied that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against her, and granted, without opposition from the appellant, the Firm's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The appellant is not aggrieved by the portion of the order which granted that branch of the Firm's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and likewise is not aggrieved by the portion of the order which granted that branch of the Firm's cross motion which was for summary judgment dismissing all cross claims insofar as asserted against it, as she did not oppose the cross motion (see Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist., 83 AD3d 683 [2011]; Mixon v TBV, Inc., 76 AD3d 144 [2010]; Giraldo v Morrisey, 63 AD3d 784 [2009]; Nunez v Travelers Ins. Co., 139 AD2d 712 [1988]; Ciaccio v Germin, 138 AD2d 664 [1988]). Accordingly, her appeal from those portions of the order must be dismissed.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against her, as the evidence submitted in support of the motion failed to establish, as a matter of law, that the ladder from which the plaintiff fell afforded proper

protection or that the plaintiff's own conduct was the sole proximate cause of his injuries (*see Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897 [2011]; *Delahaye v Saint Anns School*, 40 AD3d 679 [2007]; *cf. Chin-Sue v City of New York*, 83 AD3d 643 [2011]). Since the appellant did not establish her prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The appellant's remaining contentions are without merit. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.