■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Plaintiff, v QUENZER ELECTRIC SYSTEMS, INC., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. DORMITORY AUTHORITY OF STATE OF NEW YORK, Third-Party Defendant-Respondent. [18 NYS3d 645]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 28, 2013, which granted the third-party defendant's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint and denied its cross motion for leave to amend the third-party complaint.

Ordered that the order is affirmed, with costs.

On July 14, 2009, the defendant/third-party plaintiff, Quenzer Electric Systems, Inc. (hereinafter Quenzer), entered into a contract with the third-party defendant, Dormitory Authority of the State of New York (hereinafter DASNY), to provide electrical work for a construction project at the Bronx Supreme Court civil courthouse. In accordance with the contract, Quenzer obtained performance and payment bonds from the plaintiff International Fidelity Insurance Company (hereinafter IFIC). Quenzer and its principals also executed an indemnity agreement with IFIC containing a provision whereby

Quenzer assigned to IFIC all of its rights "in, and growing in any manner out of" its contract with DASNY. The assignment was to become effective as of the date of the bond, but only in the event of any abandonment, repudiation, forfeiture, or breach of any contracts referred to in the bonds or of any breach of the bonds.

Disputes arose during the project regarding Quenzer's performance and DASNY's withholding of payments. In November 2011, some of Quenzer's suppliers made claims against the payment bond, which IFIC paid. On January 6, 2012, Quenzer placed its staff on forced unpaid furlough and abandoned the project. On February 15, 2012, DASNY terminated the contract. DASNY and IFIC entered into a "completion/takeover agreement," which noted a remaining contract balance in the sum of $811,095.82, minus protective back charges. IFIC entered into an agreement to pay a "completion contractor."

IFIC commenced this action against Quenzer and its principals to recover its losses under the indemnity agreement. Quenzer commenced a third-party action against DASNY, seeking to recover unpaid payments which had been approved by the architect on the project. DASNY moved pursuant to CPLR 3211 (a) to dismiss the third-party complaint, and Quenzer cross-moved for leave to amend the third-party complaint to add causes of action alleging that DASNY breached the contract and wrongfully terminated it. The Supreme Court granted DASNY's motion, determining that Quenzer had assigned its claims to IFIC and was no longer the real party in interest regarding claims for payments under the contract, and denied the cross motion for leave to amend the third-party complaint. Quenzer appeals.

Where a contractor assigns its rights under a contract to a surety, it is no longer the real party in interest with respect to claims against the owner (see *James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836, 838 [1984]). Here, the Supreme Court properly determined that an assignment was triggered, at the latest, by Quenzer's default and valid termination under the contract. Although the facts pleaded are presumed to be true and are to be accorded every favorable inference (see *Gershon v Goldberg*, 30 AD3d 372 [2006]), "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]). Further, a motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of

law (see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 588 [2014]).

Section 20.15 of the contract provides that, inasmuch as Quenzer could be adequately compensated by money damages for any breach of the contract by DASNY, "no default, act or omission of the Owner shall constitute a material breach of Contract entitling the Contractor to cancel or rescind the same or to suspend or abandon performance thereof." Contrary to Quenzer's contention, this provision is enforceable. Quenzer concedes that it placed its workers on unpaid furlough as of January 6, 2012, abandoning the project. Accordingly, the documentary evidence and Quenzer's admission conclusively establish that Quenzer defaulted by abandoning the project, and DASNY's termination of the contract was valid. Therefore, the Supreme Court properly determined that Quenzer's assignment of its rights under the contract was triggered, at the latest, by Quenzer's default and valid termination under the contract. As such, Quenzer is no longer the real party in interest regarding claims for payments under the contract (see *James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d at 838).

Since the Supreme Court properly determined that Quenzer may not assert claims for payment under the contract, the Supreme Court correctly granted DASNY's motion to dismiss the third-party complaint, and also properly denied Quenzer's cross motion for leave to amend the third-party complaint to assert additional contract claims against DASNY, as the proposed amendment is patently devoid of merit (see *Marcum, LLP v Silva*, 117 AD3d 917 [2014]).

In light of our determination, the parties' remaining contentions have been rendered academic. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.