■ NAGAN CONSTRUCTION, INC., et al., Appellants, v MONSI-GNOR McCLANCY MEMORIAL HIGH SCHOOL et al., Respondents, et al., Defendants. [27 NYS3d 624]—

In an action, inter alia, to recover damages for breach of contract, negligence, and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated April 1, 2014, as granted those branches of the separate motions of the defendants Monsignor McClancy Memorial High School and John Ciardullo Associates, P.C., which were for summary judgment dismissing the complaint insofar as asserted against each of them and for leave to amend their answers to assert the affirmative defense of lack of standing, and granted those branches of the separate motions of the defendants Kenstar Construction Corp. and Port Authority of New York and New Jersey which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant John Ciardullo Associates, P.C., which was for leave to amend its answer to assert the affirmative defense of lack of standing is dismissed, as

the plaintiffs are not aggrieved thereby (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Monsignor McClancy Memorial High School, John Ciardullo Associates, P.C., and Port Authority of New York and New Jersey, payable by the plaintiffs.

The plaintiffs are not aggrieved by the portion of the order granting that branch of the motion of the defendant John Ciardullo Associates, P.C. (hereinafter Ciardullo), which was for leave to amend its answer to assert the affirmative defense of lack of standing, as they did not oppose that branch of the motion (*see Janiak v Ewall*, 88 AD3d 849, 850 [2011]; *Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist.*, 83 AD3d 683, 684 [2011]; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). Accordingly, their appeal from that portion of the order must be dismissed.

The Supreme Court properly granted that branch of the motion of the defendant Monsignor McClancy Memorial High School (hereinafter the School) which was for leave to amend its answer to assert the affirmative defense of lack of standing (*see HSBC Bank v Picarelli*, 110 AD3d 1031, 1031-1032 [2013]).

The Supreme Court also properly granted those branches of the motions of the School, Ciardullo, and the defendant Kenstar Construction Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them. These defendants established, prima facie, that the plaintiffs lacked standing to commence this action. Pursuant to two indemnity agreements, the plaintiffs assigned their rights to prosecute the claims asserted by them in the instant action to Travelers Casualty and Surety Company. Thus, the plaintiffs were no longer the real parties in interest (*see James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836 [1984]; *International Fid. Ins. Co. v Quenzer Elec. Sys., Inc.*, 132 AD3d 811 [2015]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Inasmuch as the plaintiffs lacked standing to commence this action, the Supreme Court also properly granted that branch of the motion of the defendant Port Authority of New York and New Jersey which was for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions need not be reached in light of our determination. Rivera, J.P., Dickerson, Miller and

Maltese, JJ., concur.