■ Xavier Construction Co., Inc., Appellant, et al., Plaintiffs, v Bronxville Union Free School District et al., Defendants, and Triton Construction Company, LLC, Respondent. [39 NYS3d 517]—

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiff Xavier Construction Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated September 30, 2014, as granted those branches of the motion of the defendant Triton Construction Company, LLC, which were for leave to amend its answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Triton Construction Company, LLC, which was for leave to amend its answer to assert the affirmative defense of lack of standing is dismissed, as the plaintiff Xavier Construction Co, Inc., is not aggrieved thereby (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Triton Construction Company, LLC, payable by the plaintiff Xavier Construction Co., Inc.

The plaintiff Xavier Construction Co., Inc. (hereinafter Xavier), is not aggrieved by the portion of the order which granted that branch of the motion of the defendant Triton Construction Company, LLC (hereinafter Triton), which was for leave to amend its answer to assert the affirmative defense of lack of standing, as Xavier did not oppose that branch of the motion (*see Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 137 AD3d 986 [2016]; *Janiak v Ewall*, 88 AD3d 849, 850 [2011]; *Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist.*, 83 AD3d 683, 684 [2011]; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). Accordingly, its appeal from that portion of the order must be dismissed.

The Supreme Court properly granted that branch of Triton's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Triton established, prima facie, that Xavier lacked standing to commence this action because, pursuant to an indemnity agreement, Xavier had assigned its rights to prosecute those claims asserted by it in the instant action to First National Insurance Company of America (hereinafter First National). "Where a contractor assigns its rights under a contract to a surety, it is no longer the real party in interest with respect to claims against the owner" (*International Fid. Ins. Co. v Quenzer Elec. Sys., Inc.*, 132 AD3d 811, 812 [2015]). Thus, Triton established, prima facie, that Xavier was no longer the real party in interest (*see James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836 [1984]; *Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 137 AD3d 986 [2016]). In opposition, Xavier failed to raise a triable issue of fact as to whether First National transferred or assigned its rights back to Xavier (*cf. Tawil v Finkelstein Bruckman Wohl Most & Rothman*, 223 AD2d 52 [1996]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.