Wells Fargo Bank, N.A. v Estwick (2018 NY Slip Op 02667)





Wells Fargo Bank, N.A. v Estwick


2018 NY Slip Op 02667


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-07722
 (Index No. 653/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Dennis Estwick, appellant, et al., defendants.


Dennis Estwick, Montgomery, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dennis Estwick appeals from a judgment of foreclosure and sale of the Supreme Court, Orange County (Lori Currier Woods, J.), dated April 13, 2015, which, upon an order of the same court dated September 3, 2014, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the appeal is dismissed except insofar as it brings up for review an order of the same court dated April 13, 2015, which denied the motion of the defendant Dennis Estwick, made jointly with the defendant Aisha Estwick, in effect, to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant Dennis Estwick (hereinafter the defendant) contends that the Supreme Court's order dated September 3, 2014, upon which the judgment of foreclosure and sale appealed from was entered, erroneously granted the plaintiff's motion, inter alia, for summary judgment on the complaint. However, since the defendant failed to oppose that motion, he is not aggrieved by the order granting it and is precluded on appeal from challenging the propriety of that order (see CPLR 5511; Messina v City of New York, 147 AD3d 748, 748; Xavier Constr. Co., Inc. v Bronxville [*2]Union Free Sch. Dist., 143 AD3d 976, 977; Janiak v Ewall, 88 AD3d 849, 850; Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist., 83 AD3d 683, 684).
To the extent that the defendant challenges the denial of his motion, made jointly with the defendant Aisha Estwick, in effect, to vacate his default in opposing the plaintiff's motion for summary judgment, the Supreme Court correctly determined that he failed to make the requisite showing of a reasonable excuse for the default and a potentially meritorious defense (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049). In this regard, the defendant's status as a pro se litigant did not warrant vacatur of his default.
Contrary to the defendant's contention, the Supreme Court did not refuse to accept his answer to the complaint. Rather, the record clearly demonstrates that the court accepted and considered the answer.
The defendant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court