Wells Fargo Bank, N.A. v Harrigan (2020 NY Slip Op 00639)





Wells Fargo Bank, N.A. v Harrigan


2020 NY Slip Op 00639


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-07569
 (Index No. 8140/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Tracy James Harrigan, appellant, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellant.
Rosicki, Rosicki, & Associates, P.C. (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tracy James Harrigan appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated March 15, 2017. The judgment of foreclosure and sale, upon an order of the same court (Ralph T. Gazzillo, J.) dated November 16, 2015, granting the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, an order of the same court (Ralph T. Gazzillo, J.) dated May 23, 2016, in effect, denying that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated November 16, 2015, and an order of the same court (Howard H. Heckman, Jr., J.) dated March 15, 2017, granting the plaintiff's motion for a judgment of foreclosure and sale and denying that defendant's motion, inter alia, pursuant to CPL 5015(a) to vacate the order dated November 16, 2015, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On February 6, 2006, the defendant Tracy James Harrigan (hereinafter the defendant) executed a note in favor of World Savings Bank, FSB, promising to repay a loan in the principal sum of $360,000. As security for the note, the defendant also executed a mortgage encumbering real property located in Southampton. The plaintiff became the owner and holder of the note through a series of mergers with the originating lender. In 2010, the defendant defaulted on his mortgage obligations.
On March 20, 2013, the plaintiff commenced this action to foreclose the mortgage. In its complaint the plaintiff alleged compliance with the notice requirements of RPAPL 1304 and 1306. The defendant interposed an answer on April 1, 2013, denying the allegations in the complaint regarding compliance with RPAPL 1304 and 1306 and asserting noncompliance with those statutes as an affirmative defense.
On November 24, 2014, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant failed to oppose the motion. On November 16, 2015, the Supreme Court granted the plaintiff's unopposed [*2]motion. On December 22, 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated November 16, 2015, claiming excusable default, and alleging that the plaintiff failed to comply with RPAPL 1304 and 1306. On May 23, 2016, the court, in effect, denied the defendant's motion, determining, inter alia, that the defendant failed to demonstrate that he had a potentially meritorious opposition to the plaintiff's motion because the evidence he submitted was insufficient to refute the plaintiff's showing that it complied with RPAPL 1304 and 1306.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale and the defendant separately moved again pursuant to CPLR 5015(a) to vacate the order dated November 16, 2015, again alleging that the plaintiff failed to comply with RPAPL 1304 and 1306. By order dated March 15, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's motion. The court concluded that the determination in the order dated May 23, 2016, that the plaintiff submitted sufficient evidence of its compliance with RPAPL 1304 and 1306 constituted the law of the case, precluding further consideration of that defense. The court subsequently entered a judgment of foreclosure and sale, from which this appeal was taken.
The defendant contends that, in the order dated November 16, 2015, the Supreme Court should not have granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against him and for an order of reference. However, because the defendant failed to oppose that motion, he "is not aggrieved by the order granting it and is precluded on appeal from challenging the propriety of that order" (Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911, citing CPLR 5511; see Messina v City of New York, 147 AD3d 748, 748; Xavier Constr. Co., Inc. v Bronxville Union Free Sch. Dist., 143 AD3d 976, 977; Janiak v Ewall, 88 AD3d 849, 850; Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist., 83 AD3d 683, 684).
The defendant further contends that the Supreme Court should not have denied his motions to vacate the order dated November 16, 2015. The plaintiff contends, inter alia, that the court should have denied the defendant's motions on the ground that he defaulted in opposing the plaintiff's motion for summary judgment and never demonstrated a reasonable excuse for his default, and that this reasoning provides an alternate basis for affirming the judgment (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546). We agree with the plaintiff's contention.
While no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review " those matters which were the subject of contest before the Supreme Court"' (Bottini v Bottini, 164 AD3d 556, 558, quoting Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607-608). Here the issue of whether the defendant's default should be vacated was the subject of contest in the Supreme Court and, thus, may be reviewed on appeal (see Merlino v Merlino, 171 AD3d 911, 912-913; Yi Jing Tan v Liang, 160 AD3d 786, 787).
A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1], [3]; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991; Fishkin, Pugach & Finkelstein, P.C. v Biggio, 128 AD3d 1006, 1007; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Whether an excuse is reasonable is also within the discretion of the court (see Stewart v Berger, 137 AD3d 1103, 1105). Law office failure may qualify as a reasonable excuse for a party's default provided the claim of such failure is supported by a detailed and credible explanation of the default (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986, 987; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284, 1284). In the absence of a reasonable excuse, it is unnecessary for a court to consider whether the defaulting party sufficiently demonstrated the existence of a potentially meritorious opposition to the motion (see Garcia v Shaw, 118 AD3d 943; Silva v Honeydew Cab Corp., 116 AD3d 691, 692).
Here, the defendant did not adequately detail and substantiate the alleged law office failure which resulted in his failure to oppose the plaintiff's motion for summary judgment, and thus [*3]failed to demonstrate a reasonable excuse for his default in opposing the motion (see Wells Fargo Bank, N.A. v Estwick, 160 AD3d at 911; see also Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030, citing Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992). Because the defendant has not established his entitlement to vacatur of the order entered on his default, he is precluded from challenging the award of summary judgment to the plaintiff.
The defendant's remaining contentions either need not be addressed in light of our determination or are without merit.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court