Citimortgage, Inc. v Ramcharran (2020 NY Slip Op 07536)





Citimortgage, Inc. v Ramcharran


2020 NY Slip Op 07536


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09804
 (Index No. 12667/14)

[*1]Citimortgage, Inc., respondent, 
v
Indranie Ramcharran, appellant, et al., defendants.


Indranie Ramcharran, Rego Park, NY, appellant pro se.
David A. Gallo & Associates, LLP (Locke Lord LLP, New York, NY [Jeffrey S. Kramer and Joseph N. Froehlich], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Indranie Ramcharran appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 21, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate so much of a prior order of the same court entered January 7, 2016, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference.
ORDERED that the order entered June 21, 2017, is affirmed, with costs.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1], [3]; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1144). In the absence of a reasonable excuse, it is unnecessary for a court to consider whether the defaulting party sufficiently demonstrated the existence of a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Harrigan, 179 AD3d at 1144). We agree with the Supreme Court's determination to deny the motion of the defendant Indranie Ramcharran pursuant to CPLR 5015(a) to vacate a prior order awarding summary judgment to the plaintiff, which was entered upon Ramcharran's default, as she failed to establish a reasonable excuse for her default in opposing the plaintiff's motion (see Wells Fargo Bank, N.A. v Harrigan, 179 AD3d at 1144).
In light of our determination, the parties' remaining contentions are academic.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court